UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:09-CV-1979 CAS |
| v. | ) |
| | ) |
| IMPACT STRATEGIES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This insurance declaratory judgment matter is before the Court on plaintiff's motion for leave to file a Second Amended Complaint.[1] Defendant Impact Strategies, Inc. opposes the motion. For the following reasons, the motion will be granted and pending motions directed to the previous version of the complaint will be denied as moot, without prejudice to refiling with respect to the Second Amended Complaint.

**Discussion**

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. Rule 15(a) provides in pertinent part:

> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. (2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Rule 15(a), Fed. R. Civ. P.

---

[1] Plaintiff filed a First Amended Complaint on January 25, 2010 as a matter of right under Rule 15(a)(1)(A), Fed. R. Civ. P., as no responsive pleading had been filed.

In the instant case, no case management has been issued yet, as not all parties have been served and either filed an answer or been found in default. Plaintiff's motion is therefore timely. Plaintiff states that it seeks leave to amend to ensure that the parties and claims in this action accurately reflect those in the underlying state court action, which is beyond its control.

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir. 1994).

Defendant Impact Strategies opposes leave to amend on the basis that it has filed a motion to dismiss plaintiff's First Amended Complaint under a federal abstention doctrine. Without citation to any supporting authority, Impact Strategies asserts that "[i]t would be improper of this Court to allow Plaintiff to make a substantive change to the complaint, such as adding additional parties and claims, until the jurisdictional issues are resolved." Response in Opp. at 1. The Court respectfully disagrees, and finds that defendant would not be unduly prejudiced if plaintiff's motion for leave to amend is granted, as it will be free to raise any jurisdictional defects in its response to the Second Amended Complaint. The Court also finds that there is no indication of bad faith, undue delay, or futility. Plaintiff's motion for leave to file a Second Amended Complaint will be granted.

The Court having granted plaintiff leave to file its Second Amended Complaint, pending motions pertaining to the previous complaint should be denied as moot, see Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002), without prejudice to the filing of motions concerning the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a Second Amended Complaint is **GRANTED**. [Doc. 19]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall detach and docket the Second Amended Complaint and exhibits thereto, which was submitted as an attachment to plaintiff's motion for leave.

**IT IS FURTHER ORDERED** that defendant Impact Strategies, Inc.'s motion to dismiss is **DENIED as moot**, without prejudice. [Doc. 15]

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment is **DENIED as moot**, without prejudice. [Doc. 20]

**IT IS FURTHER ORDERED** that defendant Impact Strategies, Inc.'s motions to strike and to expedite ruling are **DENIED as moot**. [Docs. 28, 30]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of March, 2010.