# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:09-CV-1979 CAS |
| v. ) | |
| ) | |
| IMPACT STRATEGIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Impact Strategies, Inc.'s ("Impact") Motion to Dismiss Based on the Federal Abstention Doctrine. Plaintiff James River Insurance Company ("James River") opposes the motion and it is fully briefed. For the following reasons, the motion will be granted and the Court will abstain from this case, but the case will be stayed rather than dismissed.

**Background**

This is a declaratory judgment action. Plaintiff James River's Second Amended Complaint alleges that James River issued a Commercial General Liability (CGL) insurance policy to defendant Fenix Construction Company of St. Louis ("Fenix"). The case arises out of a lawsuit filed on August 6, 2009, by defendant Matt Stuby in the Circuit Court of St. Clair County, Illinois, captioned <u>Matt Stuby v. Impact Strategies, Inc., Fenix Construction Company of St. Louis, and Excel Fire Protection, Inc.</u>, Case No. 09 L 415 ("the Underlying Suit"). The instant action was filed on December 3, 2009. The complaint seeks declarations that James River has no obligation under the CGL policy to defend or to indemnify Impact or Fenix with respect to any claims in the Underlying Suit.

The original Complaint in the Underlying Suit asserted one count of negligence each against Impact, Fenix and Excel Fire Protection, Inc., based on an injury allegedly suffered by Stuby in August 2007 while he was working as an employee of Fenix at a construction site in Illinois. On November 12, 2009, Fenix was dismissed from the Underlying Suit. Stuby filed an amended Complaint in the Underlying Suit in January 2010, asserting claims against only Impact and Excel. In February 2010, Impact filed its Answer in the Underlying Suit, which includes a cross-claim against defendant Excel and third-party claims against Fenix and James River. As to Fenix, Impact asserts claims for (1) contribution and indemnity, if Stuby is awarded damages in the negligence case, and (2) breach of contract, if Fenix's insurance is held not to cover Impact. As to James River, Impact seeks a declaration that James River owes Impact a duty to defend and indemnify it in the Underlying Suit based on the CGL policy issued to Fenix, which names Impact as an additional insured.

**The Wilton/Brillhart Standard**

The Declaratory Judgment Act confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). The statute provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration," id. (quoting 28 U.S.C. § 2201(a)) (emphasis in original case, not original statute). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right on the litigant." Id. at 287 (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).

In Wilton, the Supreme Court reaffirmed the application of Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), to a declaratory judgment action:

> Over 50 years ago, in Brillhart . . . , this Court addressed circumstances virtually identical to those present in the case before us today. An insurer, anticipating a coercive suit, sought a declaration in federal court of nonliability on an insurance policy. The District Court dismissed the action in favor of a pending state garnishment proceedings, to which the insurer had been added as a defendant . . . [T]his Court held that, "although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments (sic) Act, it was under no compulsion to exercise that jurisdiction." The Court explained that "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." The question for a district court presented with a suit under the Declaratory Judgment Act, the Court found, is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."

Wilton, 515 U.S. at 282 (quoting Brillhart) (internal citations omitted).

Thus, the Declaratory Judgment Act gives this Court discretion to determine whether to exercise jurisdiction in a declaratory judgment action or to abstain in favor of a parallel state court proceeding. See Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000) (citing Wilton, 515 U.S. at 289-90). The Eighth Circuit has instructed that a district court's "key consideration . . . is 'to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.'" Evanston Ins. Co. v. Johns, 530 F.3d 710, 713 (8th Cir. 2008) (quoting Haverfield, 218 F.3d at 874) (citing Brillhart, 316 U.S. at 495). If the issues would be better settled in the pending state court proceeding, "the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" Haverfield, 218 F.3d at 874-75 (quoting Brillhart, 316 U.S. at 495).

**Discussion**

Impact asserts that this action and the Underlying Suit are parallel because the parties and claims are the same, the claims are premised on the same issues, and there are no issues of federal law. Impact argues that the Court should exercise its discretion under the Wilton/Brillhart abstention doctrine to dismiss this action in favor of the Underlying Suit.

As a threshold matter, plaintiff James River responds that Brillhart abstention is inapplicable because this action and the Underlying Suit are not parallel, as James River was not a party to the Underlying Suit at the time it filed its initial complaint in federal court. James River cites Scottsdale Insurance Co. v. Detco Industries, Inc., 426 F.3d 994 (8th Cir. 2005), in which the Eighth Circuit stated that a threshold issue was whether parallel proceedings were pending in state court at the time the plaintiff brought its declaratory judgment action. Id. at 996. Based on this language, James River argues that the Court must examine the Underlying Suit at the time the original declaratory judgment complaint was filed here. The Court disagrees.

The Eighth Circuit has explained that "[s]uits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" Scottsdale, 426 F.3d at 997 (citing New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America, 946 F.2d 1072, 1073 (4th Cir. 1991)). As stated above, James River contends that under Scottsdale, the issue whether state and federal suits are parallel is determined as of the date the federal court declaratory judgment action was filed. This contention is not persuasive in light of the Eighth Circuit's decision in a later case, Royal Indemnity Co. v. Apex Oil Co., Inc., 511 F.3d 788 (8th Cir. 2008), and because the

4

Eighth Circuit did not address the date of filing as a relevant factor in holding that the cases at issue in Scottsdale were not parallel.[1]

In Royal Indemnity, the Eighth Circuit held that the district court did not abuse its discretion in abstaining from a declaratory judgment action to allow a parallel state court action to proceed, where the state and federal lawsuits both sought a declaration of rights and responsibilities under insurance policies regarding underlying lawsuits against an insured, and all of the necessary parties had been joined in the state suit. The underlying suits were pending when Royal Indemnity filed its federal declaratory judgment action in March 2006. Significantly, in May 2006 Apex Oil amended its state court complaint to name as defendants the same entities who were parties to the federal declaratory judgment action, and then moved to dismiss the federal declaratory judgment action as duplicative of the state court suit. Id. at 791-92. The district court rejected Royal Indemnity's argument that the suits were not parallel, and concluded that it had discretion to abstain from the declaratory judgment action under Wilton.

The Eighth Circuit affirmed the decision to abstain, stating that under Brillhart,

> for a district court to have discretion to abstain in a proceeding under the Declaratory Judgment Act, the parallel state court proceeding must present "the same issues, not governed by federal law, between the same parties," and the court must evaluate 'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

---

[1] In Scottsdale, the Eighth Circuit's determination that the cases were not parallel focused on the lack of identity of the parties and the legal issues in the two cases. Scottsdale was not a party to the suits pending in the state court against Detco. Further, the state court actions did not involve "substantially the same issues" as the federal declaratory judgment action because the state court suits involved issues regarding Detco's liability relating to a fire and explosion at its facility, while the federal action between Detco and Scottsdale involved matters of insurance coverage. There were no issues of subsequently-added parties to the state court action for the Court's consideration in Scottsdale.

5

Royal Indemnity, 511 F.3d at 793 (quoting Brillhart, 316 U.S. at 495) (emphasis added).

In Royal Indemnity, the Eighth Circuit noted that the parties to the state suit and the federal declaratory judgment action "were the same at the time this appeal was submitted. All the necessary parties have been joined in the Illinois lawsuit, and their claims can be adjudicated in the Illinois court." Id. at 796. The parties were parallel even though motions to dismiss had been filed in the state suit and, if those motions were granted, the parties would no longer be identical. The Eighth Circuit said that because the motions to dismiss had not been granted at the time the appeal was filed, the parties were the same for purposes of the declaratory judgment action and the abstention analysis. Id. The Eighth Circuit was unconcerned that the suits became parallel as a result of joinder of parties in the state action after the declaratory judgment action was filed.

This case is procedurally similar to Royal Indemnity because the Underlying Suit was pending when this action was filed, and it subsequently became parallel to this action when Impact filed third-party claims against James River and Fenix. The Court finds that under Royal Indemnity, the abstention analysis is properly based on the case as it presently exists, not as it existed when the declaratory judgment action was originally filed. At this time, the parties are parallel.

James River also argues that Impact's third-party complaint, which injects the issue of insurance coverage into the underlying action, is improper under Illinois law because Section 2-406(b) of the Illinois Code of Civil Procedure exempts liability insurers from third-party practice, and therefore the third-party complaint cannot serve as a basis to dismiss this action.

Illinois public policy prohibits direct actions against an insurance company based on the negligence of its insured, before a judgment is obtained against the insured. Pekin Ins. Co. v. Cincinnati Ins. Co., 510 N.E.2d 524, 526 (Ill. Ct. App. 1987). "The rationale for this policy is to prevent the jury in the claimant's personal injury action against the tort-feasor from becoming aware

that the defendant tort-feasor is insured and thus to avoid larger awards under a 'deep pockets' theory."). Garcia v. Lovellette, 639 N.E.2d 935, 939 (Ill. Ct. App. 1994) (cited cases omitted). Illinois courts have made clear, however, that the "policy against direct actions is not a completely mandatory and inflexible prohibition against 'third party practice.'" Id. (citing Gianinni v. Bluthart, 270 N.E.2d 480, 484 (Ill. Ct. App. 1971)). The prohibition against direct actions applies where "the issue of the insurer's liability would be intermingled with that of the insured and with the assessment of damages." Id. (citing Reagor v. Travelers Ins. Co., 415 N.E.2d 512 (Ill. Ct. App. 1980)).

Thus, contrary to James River's contention, Illinois law does not establish a mandatory and inflexible prohibition against third-party practice involving insurors. Further, James River cites no authority to establish that the procedural propriety of Impact's third-party claims is relevant to the abstention analysis, as opposed to a motion to dismiss to be filed in the state court action. The Court therefore proceeds to an examination of the relevant Brillhart factors to determine whether it should abstain from this matter.

A consideration of these factors favors abstention from the instant declaratory judgment suit. The Court finds that the Underlying Suit and this action are parallel, as both involve the same parties and include claims for declaratory judgment concerning the parties' rights and responsibilities under the CGL policy. As a result, the Court has discretion to determine whether to exercise jurisdiction over this action or to abstain in favor of the Underlying Suit. See Capitol Indem. Corp., 218 F.3d at 874. The Court must determine whether the issues in controversy among the parties "can be better settled by the state court" in light of the "scope and nature of the pending state court proceeding." Evanston, 530 F.3d at 713 (quoted case omitted).

"[T]he normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288.

7

The principle of "wise judicial administration" weighs in favor of declining to exercise discretionary jurisdiction over this action. Because this action and the Underlying Suit are parallel, allowing both actions to proceed runs the risk of inconsistent rulings and would be uneconomical and vexatious for the parties and a waste of judicial resources.

The interpretation and application of James River's CGL policy is purely a matter of state law and there are no federal defenses or claims. All of the issues pending among the parties can be satisfactorily adjudicated in the Underlying Suit. In addition, the Underlying Suit has the advantage of addressing coverage issues with another party, Excel Fire Protection, Inc., and its insurer, so the state court suit is more comprehensive than the instant action and may afford more complete relief to all parties involved. Cf. National Union Fire Ins. Co. of Pittsburgh, PA v. Apex Oil Co., Inc., 2006 WL 950217, *3 (E.D. Mo. Apr. 12, 2006) (abstaining from insurance declaratory judgment action, noting that the state court proceeding involved claims against other insurance companies and brokers and therefore the rights of all interested parties could potentially be adjudicated in that proceeding). Finally, the Court has not been presented with evidence which leads it to believe that Impact's decision to file third-party claims in the Underlying Suit was a result of procedural maneuvering.

Having considered these factors, the Court concludes that the parties' disputes can be better settled by the Illinois court in light of the "scope and nature of the pending state court proceeding," see Evanston, 530 F.3d at 713, and therefore abstention is warranted. The Court further concludes that the case should be stayed rather than dismissed. "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy." Wilton, 515 U.S. at 288 n.2.

**Conclusion**

For the foregoing reasons, the Court concludes in the exercise of its discretion that the issues raised by this action would be better addressed in the Underlying Suit in Illinois state court. As a result, the Court will grant defendant Impact Strategies, Inc.'s motion to dismiss to the extent that it will stay this action in favor of the Underlying Suit, because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart, 316 U.S. at 495.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Impact Strategies, Inc.'s motion to dismiss this case on the basis of Wilton/Brillhart abstention is **GRANTED** to the extent the Court will abstain from this case, and the matter is hereby **STAYED**. [Doc. 34].

**IT IS FURTHER ORDERED** that James River Insurance Company's motion for summary judgment is **DENIED** without prejudice. [Doc. 38]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **administrative close** this case, which may be reopened on the motion of any party. Any motion to reopen shall include a statement of all relevant proceedings that have occurred in the Underlying Suit.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of March, 2010.